ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| ESTRELLA COLÓN RIVERA | | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Municipal de Maricao |
|---|---|---|
| Recurrida | | |
| v. | **TA2026CE00514** | Civil Núm.: SG2026MU00127 |
| ISAAC J. COLÓN MENDEZ | | |
| Peticionario | | Sobre: Ley 121 Art.9 (2019) |

Panel integrado por su presidente, el Juez Hernández Sanchez, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 8 de mayo de 2026.

Comparece ante nos el Sr. Isaac J. Colón Méndez (señor Colón o "el peticionario") por derecho propio, y nos solicita que revisemos una *Orden de Protección* emitida por el Tribunal de Primera Instancia, Sala Municipal de Maricao, notificada el 12 de marzo de 2026. Mediante el referido dictamen, el foro primario concluyó que había motivos suficientes para expedir la orden de protección a favor de la Sra. Estrella Colón Rivera (señora Colón).

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** el recurso de epígrafe por falta de jurisdicción, por tardío.

### I.

El 12 de marzo de 2026, el foro primario emitió una *Orden de Protección* a favor de la señora Colón. En ella, el Tribunal prohibió, entre otras cosas, que el

---

[1] Ver Orden Administrativa OATA-2026-044 del 4 de mayo de 2026.

peticionario se acercase o se comunicase con la recurrida, puesto que, encontró motivos suficientes para expedir la orden por las siguientes manifestaciones de maltrato o negligencia: emocional o psicológica, acecho, intimidación y violencia cibernética o digital. Por consiguiente, la orden de protección entraba en vigor desde el 12 de marzo de 2026, hasta el 12 de marzo de 2027.

En desacuerdo, el 27 de abril de 2026,[2] el señor Colón presentó el recurso de epígrafe. En esencia, solicitó revoquemos la *Orden de Protección* que expidió el foro primario en su contra.

Luego de evaluar el escrito presentado por el peticionario optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho." Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42.

## II.

### -A-

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe

---

[2] La fecha del depósito en el correo es el 23 de abril de 2026.

sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto. *Coop. Seguros Múltiples de PR v. Lugo*, 136 DPR 203, 208 (1994). Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *García v. Padró*, 165 DPR 324, 334-335 (2005); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992). No obstante, la Regla 52.1 de Procedimiento Civil, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> […] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de

relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […] 32 LPRA Ap. V, R. 52.1.

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de *certiorari*, este Tribunal debe tomar en consideración los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si,

a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

-B-

La Regla 32 (B) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, dispone el término para presentar un recurso de *certiorari*. La misma estable lo siguiente:

> El recurso de *certiorari* para revisar las resoluciones finales en procedimientos de jurisdicción voluntaria dictadas por el Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha de archivo en autos de una copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto. Este término es jurisdiccional.

Como se sabe, si una parte acude al Tribunal de Apelaciones fuera del referido término jurisdiccional, su recurso resultaría tardío. *Pueblo v. Rivera Ortiz*, 209 DPR 402 (2022). Un recurso prematuro o tardío adolece del defecto grave e insubsanable de privar de jurisdicción al foro del cual se recurre. *Íd*. Lo anterior debido a que, ante un recurso prematuro o tardío, el foro revisor no tiene autoridad judicial o administrativa para acogerlo. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Aún más, la desestimación de un recurso tardío priva de manera fatal que el recurso pueda presentarse nuevamente ante cualquier foro. *Íd*.

Nuestro Tribunal Supremo ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, supra. A esos efectos, las cuestiones de jurisdicción son de índole

privilegiada y deben ser resueltas con preferencia. *Íd*. Cabe destacar que, la ausencia de jurisdicción trae varias consecuencias, tales como el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal, como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385 (2020).

Por consiguiente, cuando un tribunal determina que carece de jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo en atención a las leyes y reglamentos para el perfeccionamiento de dicho recurso. *Allied Management Group, Inc. v. Oriental Bank*, supra. Así pues, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, faculta a este Foro a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción.

### III.

Como asunto medular, nos corresponde determinar si tenemos jurisdicción para entender en los méritos del recurso de *certiorari* incoado por el señor Colón.

Según discutido previamente, el foro primario emitió la *Orden de Protección* el **12 de marzo de 2026** y, conforme surge de la orden, como el señor Colón

compareció a la vista celebrada de manera presencial, quedó igualmente notificado de su expedición en corte abierta. No obstante, no surge del expediente que el peticionario haya presentado una moción de reconsideración. Por lo tanto, el peticionario tenía treinta (30) días para instar ante este Foro su recurso de *certiorari*, contados a partir del **12 de marzo de 2026,** y vencederos el **13 de abril de 2026.** Como puede apreciarse, al instar su recurso, el **23 de abril de 2026,**[3] claramente lo hizo de forma tardía.

Consecuentemente, procedemos a desestimar el recurso de epígrafe, de conformidad con la Regla 83(C) del Reglamento de este Tribunal, *supra*, la cual nos permite a iniciativa propia, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV.**

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso de epígrafe por falta de jurisdicción, por tardío.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Fecha que surge del depósito en el correo.